### Charles D. Jones v. William H. Cline, Adm'r, etc.

1. EVIDENCE—*Statements of Witnesses.*—Conversations taking place between witnesses in the absence of the party to be bound by them are not admissible over the objections of the opposite party. The only way that such conversation can be properly admitted as evidence is by way of impeachment after the proper foundations therefor have been laid.

2. SAME—*Habits of a Deceased Person.*—Testimony concerning the habits of the deceased in "not going much in debt and of properly paying his debts" is not admissible.

Claim in Probate.—Trial in the Circuit of McLean County, on appeal from the County Court; the Hon. COLOSTIN D. MYERS, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiffs. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed September 20, 1899.

JOHN E. POLLOCK, attorney for appellant.

OWEN & OWEN and WELTY & STERLING, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Appellant presented as a claim to be allowed by the County Court of McLean County against the estate of appellee's intestate, being administered there, a promissory note for $850.50, purporting to be signed by the decedent, dated July 16, 1896, payable one year after date to the order of appellant, with interest from date, at the rate of six per cent per annum. The County Court, after trial without a jury, found against the appellant, who appealed to the Circuit Court of that county, where a trial was had by jury, resulting in a verdict and judgment against him. He now prosecutes an appeal to this court and urges us to reverse that judgment on the grounds (1) that the Circuit Court admitted improper evidence for the appellee, and (2) improperly ruled on the instructions to the jury.

The evidence claimed to have been improperly admitted was certain conversations which took place between the witnesses Dr. J. F. Jones and Judge R. A. Russell, in the absence of the appellant, in which the doctor said that the deceased did not owe anything when he died, and made other statements concerning the financial condition of the deceased in his lifetime and his estate after his death.

As the doctor was not a party to the record, nor was shown to have been interested in the decedent's estate, it was improper to admit in evidence over the objections of the appellant, such conversations. The only way that statements made by the witness, Dr. Jones, could be properly admitted as evidence against the appellant was by way of impeachment, and after the proper foundations therefor had been laid. This, the record shows, was not done, hence the evidence was improperly admitted.

It also appears that, over the objections of the appellant, the court permitted the appellee to show that the deceased was a man of considerable means when he died, was not in the habit of going into debt, and always paid his

debts promptly, which the appellant insists was prejudicial error.

Appellee contends that the court was justified in admitting it under the doctrine announced in Thorpe v. Goewey, 85 Ill. 611.

In the Thorpe case it appears that the note in question was past due about fifteen years before the death of the decedent in that case, and it was held that it was proper to show the decedent to be a man of abundant means when his note matured, and that he was habitually prompt in the payment of his debts, as circumstances to show that deceased would most likely have paid his note, if genuine, long before he died.

But, in the case at bar, the evidence shows that John Sharp died October 19, 1897, and the note in question, dated July 15, 1896, was due July 17, 1897, and that appellant, the payee thereof, was a near and intimate neighbor of decedent; therefore it is not unreasonable to believe that, even if the decedent was habitually prompt in paying his debts, yet under such circumstances he might have permitted his note to remain unpaid from its maturity, on July 15, 1897, to October 19, 1897, the date of his death.

The admission of this evidence, we think, was well calculated to prejudice the appellant's contention that the note was genuine, and give color to the defense that it was a forgery.

Hence, we think the Circuit Court committed prejudicial error when it admitted in evidence the conversations above referred to, and the testimony concerning the habits of the deceased in not going much in debt and of promptly paying his debts.

We find no reversible error in the rulings of the court on the instructions to the jury, but for the error in admitting the improper testimony above indicated, we reverse the judgment appealed from and remand the case to the Circuit Court for another trial.    Reversed and remanded.